**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 13-6162

———————————

UNITED STATES OF AMERICA,

              Petitioner - Appellee,

        v.

JOHN MCDONALD,

              Respondent - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:97-hc-00152-BR)

———————————

Submitted:  July 2, 2013                Decided:   July 12, 2013

———————————

Before KING, KEENAN, and WYNN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

James B. Craven, III, Durham, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Jennifer D. Dannels, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal, John McDonald, who has been in the custody of the Attorney General almost continuously since 1997 pursuant to 18 U.S.C. § 4246, argues that the district court erred by finding that he continued to meet the criteria for civil commitment because the court had not received for consideration a plan for McDonald's conditional release, as required by § 4246. Upon our review of the record and the parties' arguments, we affirm the district court's judgment.

I.

In August 1994, McDonald was convicted on charges of assaulting a federal officer, and he was sentenced to a three-year term of imprisonment. McDonald, who has a long history of mental illness and suffers from Schizoaffective Disorder, Bipolar Type, was committed to the custody of the Attorney General for care and treatment while incarcerated, pursuant to 18 U.S.C. § 4244. In June 1997, near the expiration of his prison term, McDonald was civilly committed pursuant to § 4246 on the basis that he was "suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(a).

2

In December 2001, the district court conditionally released McDonald, who was subject to certain requirements of care and treatment upon his release. In December 2002, after he "exhibit[ed] loud, intrusive, and disrespectful behavior" toward the staff and residents of the group home in which he was living, the district court revoked McDonald's conditional release and ordered that he be returned to the custody of the Attorney General. In February 2004, the district court again conditionally discharged McDonald from civil commitment, but his release was revoked in September 2004 after he engaged in a pattern of threatening and other disruptive behavior toward residents and staff of the psychiatric center in which he was residing.

At McDonald's request, the district court convened a hearing in December 2012 to determine whether McDonald still met the criteria for civil commitment under § 4246. A few months before the district court ordered this hearing, Ralph Newman, M.D., a staff psychiatrist at the Federal Medical Center in Butner, North Carolina (FMC Butner), the facility in which McDonald is confined, prepared an annual report (the annual report) concerning McDonald's mental health. Dr. Newman concluded in the annual report that it would be appropriate to release McDonald from civil commitment "under a planned regimen of care and supervision." After the preparation of this report,

3

and more than one month before the December 2012 hearing, a staff social worker at FMC Butner sent to the United States Probation Office (USPO) in Syracuse, New York a proposed conditional release plan for McDonald. The USPO did not act on the proposed release plan before the district court's hearing.[1]

At the hearing, Dr. Newman was the sole witness presented by either party. During his testimony, Dr. Newman reiterated the conclusion from his annual report that McDonald could be released to the community "with an appropriate controlling plan" of care and supervision. Dr. Newman further testified that McDonald's release plan had been sent to the probation office but the plan had not yet been "signed off on by everybody."

Following Dr. Newman's testimony, the district court concluded that because it had not received the release plan, the court was required, "purely as a matter of procedure," to find that McDonald "still [met] the criteria for commitment" under § 4246."[2] Nevertheless, the court indicated that it likely would

---

[1] McDonald states in his brief that a U.S. Probation Officer "gave [the plan] her blessing and approval" in late January 2013, but there is no evidence in the record supporting this assertion.

[2] McDonald's counsel did not challenge during the hearing the district court's conclusion that the court could not release McDonald without first receiving and approving the conditional release plan. Instead, McDonald's counsel expressed optimism that the release plan would be presented to the court "hope[fully] within the next day or so . . . [m]aybe next week. (Continued)

4

approve the release plan upon its submission to the court. The court later entered an order finding that McDonald continued to meet the criteria for civil commitment because he currently "suffer[s] from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." McDonald timely filed a notice of appeal from the district court's judgment.[3]

## II.

We review for clear error the district court's factual determination under § 4246 denying a person's release from civil confinement. See United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992). To discharge a person who has been subject to civil commitment under § 4246, a court must find by a preponderance of the evidence that the person has recovered from his mental disease or defect such that either: (1) his unconditional

---

I hope it's no later than next week." McDonald's counsel further stated at the hearing that he "hope[d] that the government will expedite [the matter] as much as possible." However, the record before us does not show that a release plan ultimately was submitted to the court for review.

[3] The district court later set a hearing date of October 3, 2013, for a new proceeding in which McDonald's civil commitment status again will be evaluated.

5

release would no longer create a substantial risk of danger to the person or property of another; or (2) his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, approved by the court and the director of the facility in which the person is committed, would no longer create a substantial risk of danger to the person or property of another. 18 U.S.C. § 4246(e).

McDonald argues that the district court erred in concluding that he continues to meet the criteria for confinement under § 4246. After reviewing the record and affording the district court the deference required under our review for clear error, we disagree with McDonald's argument. The annual report prepared by Dr. Newman, and the testimony he provided during the hearing, established that McDonald would not be a danger to himself or others upon his release only if he were subject to "an appropriate controlling plan" of care and supervision. However, such a plan had not been certified to the district court by the Warden at FMC Butner,[4] nor had the court been

---

[4] As a requirement for discharge from civil commitment, the "director of the facility in which a person is hospitalized," here, the Warden at FMC Butner, must file a certificate with the clerk of the court that ordered the commitment. 18 U.S.C. 4246(e). That certificate must state that the Warden at FMC Butner has determined that McDonald "has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another." Id. (Continued)

6

afforded the opportunity to review a plan for McDonald's conditional release as of the December 2012 hearing.

Section 4246(e)(2)(A) mandates that the district court determine that such a conditional release plan is "appropriate" before the court may order the conditional release of a person who has been civilly committed. Because the district court was not presented with a conditional release plan for review and approval, the court did not err in holding that McDonald should remain in the custody of the Attorney General.

We observe the troubling circumstance that McDonald's release from civil commitment has been delayed by the government's unexplained failure to process the release plan submitted by FMC Butner staff to the USPO in November 2012, in time to be considered by the district court at the December 2012 hearing. However, McDonald did not seek, either in this Court or in the district court, an order compelling the government to finalize and approve McDonald's release plan. Nor did McDonald request that the district court withhold its determination in the present case pending receipt of the release plan.

---

In proceedings concerning a conditional release from civil commitment, as is the case here, the Warden at FMC Butner must also certify to the court that McDonald's conditional release plan is appropriate. 18 U.S.C. § 4246(e)(2)(A).

7

We further observe that the district court has granted McDonald's request for a new hearing, as permitted under 18 U.S.C. § 4247(h), and that this hearing is scheduled to take place on October 3, 2013. We strongly advise that, in advance of this upcoming hearing, the government work with the Warden at FMC Butner to expedite the processing of the Warden's certification to enable the district court to consider the plan as required by § 4246(e)(2). We affirm the judgment of the district court, and dispense with oral argument because the facts and legal contentions have been adequately presented and argument would not aid the decisional process.

AFFIRMED